ALEXANDER B. CVITAN (SBN 81746),
E-mail: alc@rac-law.com
MARSHA M. HAMASAKI (SBN 102720), and
E-mail: marshah@rac-law.com;
PETER A. HUTCHINSON (SBN 225399),
E-mail: peterh@rac-law.com,
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DANNY JONES SCAFFOLD CO., INC., a California corporation<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**1. MONETARY DAMAGES DUE TO EMPLOYEE BENEFIT PLANS**<br><br>**2. SPECIFIC PERFORMANCE OF OBLIGATION TO PRODUCE RECORDS FOR AUDIT**<br><br>**3. INJUNCTIVE RELIEF COMPELLING SUBMISSION OF FRINGE BENEFIT CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS**<br><br>[29 U.S.C. §§ 1132(g)(2) and 1145; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 185] |

Plaintiff, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, alleges:

///

///

///

-1-

411075.1

**JURISDICTION AND VENUE**

1.     This action is brought by a fiduciary administrator on behalf of employee benefit plans against an employer.  It is brought in accordance with the terms and conditions of the plans, the collective bargaining agreements to which the employer is bound and applicable statutes to: (a) recover unpaid amounts due to the plans by the employer through enforcement of the terms of the collective bargaining agreements, plan agreements and applicable statutes (Claim 1); (b) compel the employer to produce records for an audit to determine if additional amounts are due (Claim 2); and (c) compel the employer to timely and fully report and pay its monthly fringe benefit contributions to the plans on behalf of its employees (Claim 3).  This Court has jurisdiction pursuant to: sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185).  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the plans are administered in this district; the employer's performance and breach took place in this district; and the employer resides or may be found in this district.

**PARTIES**

2.     Plaintiff (hereinafter "Plaintiff" and/or "CLTF") is an administrator of, agent for collection for, a fiduciary to, and brings this action on behalf of the following employee benefit plans: Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Center for Contract Compliance; Plastering Trades Administrative Trust;  Plaster Tenders

-2-

411075.1

Apprenticeship and Training Trust Fund for Southern California; Laborers' Trusts Administrative Trust Fund for Southern California (collectively "TRUST FUNDS"). Each of the Trust Funds is an express trust created by written agreement, an employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C. § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of ERISA (29 U.S.C. § 1002(37)(A)).  Each of the TRUST FUNDS exists pursuant to ERISA and section 302 of the LMRA (29 U.S.C. § 186).  CLTF's and the TRUST FUNDS' principal places of business are in the County of Los Angeles, State of California.   CLTF brings this action as a fiduciary on behalf of the TRUST FUNDS.

3. CLTF is a fiduciary as to the TRUST FUNDS, in that it:

A. Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) contributions to the TRUST FUNDS, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the TRUST FUNDS in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

B. Exercises authority or control respecting management or disposition of assets of the TRUST FUNDS, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different TRUST FUNDS, different participants, different time periods and different jobs.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant DANNY JONES SCAFFOLD CO., INC., ("EMPLOYER") is a corporation organized and existing under the laws of the State of California; has a principal place of business in the City of Bellflower, County of Los Angeles, State of California, and does, or at all relevant times did, business in the State of California

1  as a construction contractor in an industry affecting interstate commerce.

### OTHERS

4  5.     The Southern California District Council of Laborers and its affiliated Local Unions (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce.  The UNION is not a party to this action.

### FIRST CLAIM FOR RELIEF
### CONTRIBUTIONS OWED TO THE TRUST FUNDS
### (AGAINST EMPLOYER)
### [29 U.S.C. §§ 185 and 1145]

6.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 5 above.

### AGREEMENTS

7.     At all times mentioned, EMPLOYER was and continues to be signatory to written Collective Bargaining Agreements, having executed a Plaster Tenders Short Form Agreement for the Construction Industry effective in March 2008 ("SHORT FORM") with the Southern California District Council of Laborers and its affiliated Local Union 1414 ("UNION").

8.     The SHORT FORM incorporates by reference the UNION'S existing Plaster Tenders Master Labor Agreement including work covered by the UNION'S Laborers Master Labor Agreements (collectively "MLA") and each successor MLA. At all times material herein, EMPLOYER has been and continues to be bound by the SHORT FORM and the MLA relating to work on all projects covered by said Agreements.

9. Pursuant to the SHORT FORM and MLA, EMPLOYER became bound to the terms and conditions of the various trust agreements that created each of the TRUST FUNDS ("Trust Agreements"). The referenced Agreements will be collectively referred to as "AGREEMENTS".

10. The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("MONTHLY CONTRIBUTIONS"). The EMPLOYER is additionally required to submit reports on a monthly basis ("MONTHLY REPORTS") with these MONTHLY CONTRIBUTIONS, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those MONTHLY REPORTS are required to be submitted even where there are no employees to report for the reporting period. The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of MONTHLY CONTRIBUTIONS due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS. Those MONTHLY CONTRIBUTIONS constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds. The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

11. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit MONTHLY CONTRIBUTIONS, and/or for its failure to submit MONTHLY REPORT even where there are no employees to be reported, in a timely manner, a sum equal to $25.00 or twenty percent (20%) on each MONTHLY REPORT based

411075.1

upon the unpaid MONTHLY CONTRIBUTIONS and interest on the unpaid MONTHLY CONTRIBUTIONS at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

12. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent MONTHLY CONTRIBUTIONS from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due. The current plan rate of interest on the MONTHLY CONTRIBUTIONS is 5.25% per annum.

13. The AGREEMENTS obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under the Agreements to those subcontractors who are parties to Collective Bargaining Agreements with the UNION, and failure to do so will result in damages to the TRUST FUNDS and EMPLOYER will be financially obligated to the TRUST FUNDS for the damages caused therefrom, including amounts measured by the fringe benefit contributions, liquidated damages, and interest that would be owed by the subcontractor if signatory to the AGREEMENT.

14. The AGREEMENTS further provide that if EMPLOYER subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work covered under the AGREEMENTS to any subcontractor who is delinquent in its obligations to the TRUST FUNDS under its AGREEMENTS, then EMPLOYER will be financially obligated to the TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any fringe benefits, liquidated damages and interest owed.

15. The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records

411075.1

which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate MONTHLY CONTRIBUTIONS to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

### **BREACH OF AGREEMENTS**

16.    Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.  Due to EMPLOYER'S refusal or failure to comply with the submission of all MONTHLY REPORTS as required by the AGREEMENTS additional amounts may be discovered and become due and owing by EMPLOYER which cannot ascertained at this time.  Said amounts will be established by proof at the trial or other hearing.

17.    All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

### **DAMAGES**

18.    As a result of EMPLOYER'S failure to timely submit MONTHLY REPORTS to the TRUST FUNDS as required by the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during time periods from January 2019 to December 2020, damages in the sum of at least $4,025.00, plus amounts according to proof at the time of trial or other hearing, including any unpaid MONTHLY CONTRIBUTIONS, liquidated damages, interest at the plan rate(s), and audit fees.

///

411075.1

19. The failure of the EMPLOYER to pay MONTHLY CONTRIBUTIONS when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify. This may include the cost of collecting the MONTHLY CONTRIBUTIONS from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late MONTHLY CONTRIBUTIONS, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay MONTHLY CONTRIBUTIONS. The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees. The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages. In this case, they have exercised their discretion by declining to waive any liquidated damages.

20. It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit MONTHLY CONTRIBUTIONS and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

21. Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent MONTHLY CONTRIBUTIONS but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

/ /

411075.1

## SECOND CLAIM FOR RELIEF

**(For Specific Performance of Obligation to Produce Records for Audit)**

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive as though fully set forth herein.

23. Plaintiff's claim herein is for specific performance of the AGREEMENTS.

24. Pursuant to the AGREEMENTS and 29 U.S.C. § 1059(a)(1), the TRUST FUNDS have specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported and paid contributions on all hours worked by (or paid for) their employees and/or independent contractors who perform work covered under the AGREEMENTS, and whether they have otherwise abided by the payment obligations of the AGREEMENTS. The AGREEMENTS further provide that employers, including the EMPLOYER, shall pay the TRUST FUNDS' attorney's fees if legal action is necessary to compel the audit, and audit fees to complete the audit of EMPLOYER'S records and the TRUST FUNDS have delegated the authority to perform such audits to Plaintiff.

25. Plaintiff has requested access to EMPLOYER'S payroll and business records for the purpose of conducting an audit covering the period from January 2020 to date; however, EMPLOYER has ignored and failed to allow the TRUST FUNDS an audit of its payroll and business records for this time period. Plaintiff seeks an audit of EMPLOYER'S records on all projects worked on by EMPLOYER under the terms of the AGREEMENTS, and under 29 U.S.C. § 1059(a)(1), 29 U.S.C. § 1145.

26. The TRUST FUNDS have no adequate or speedy remedy at law in that EMPLOYER has ignored and failed to comply with the production of all payroll and

business records for an audit. Plaintiff therefore respectfully requests that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to order the EMPLOYER to comply with their obligation under the AGREEMENTS and ERISA to fully produce their books and records in order for Plaintiff to complete an audit to determine if additional amounts are due.

27. Upon completion of the audit sought herein, Plaintiff will seek recovery of any delinquent contributions found due, as well as liquidated damages, audit costs, other damages, interest in addition to attorneys' fees and costs as provided for by AGREEMENTS and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

### THIRD CLAIM FOR RELIEF

### (For Injunctive Relief Compelling Submission of Fringe Benefit Contributions to Employee Benefit Plans)

28. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27 above as if fully set forth here.

29. The EMPLOYER has repeatedly failed to timely submit MONTHLY REPORTS and MONTHLY CONTRIBUTIONS.

30. By reason of the EMPLOYER's failure to comply with its Monthly Reporting and Contribution obligations, the TRUST FUNDS, its participants and/or its beneficiaries have suffered and will continue to suffer hardship and actual and impending irreparable injury and damage for at least the following reasons. First, the TRUST FUNDS must provide credit each month to participants and beneficiaries, including the EMPLOYER's employees, toward eligibility for fringe benefits (such as health insurance and pensions) based on the number of hours they worked, which is determined from MONTHLY REPORTS. Second, the amount of benefits payable to all participants and beneficiaries for health insurance and pension

claims, including those employed by the EMPLOYER, is actuarially determined on the basis of funds projected to be received from contributing employers (including the EMPLOYER). Third, health insurance is not provided to participants and beneficiaries, including the EMPLOYER's employees, after a certain period of non-payment of MONTHLY CONTRIBUTIONS on their behalf. Fourth, vacation pay, which is distributed by the Construction Laborers Vacation Trust for Southern California (one of the TRUST FUNDS), is not paid to employees, including the EMPLOYER's employees, for hours of work for which their employer has not submitted Monthly Contributions. Fifth, the TRUST FUNDS have a legal obligation to take steps to collect amounts due by delinquent employers and thus the EMPLOYER's ongoing delinquency results in an ongoing drain on TRUST FUNDS resources. Sixth, the TRUST FUNDS lose investment income on late-paid and unpaid MONTHLY CONTRIBUTIONS.

31. The TRUST FUNDS have no adequate or speedy remedy at law. They therefore request that this Court exercise its authority under sections 502(g)(2)(E) and 502(a)(3) of ERISA (29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3)) to issue preliminary and permanent injunctive relief ordering the EMPLOYER to comply with its obligations under the Agreements and section 515 of ERISA (29 U.S.C. § 1145) to fully disclose its employees' Covered Work on its Monthly Reports, itemized by project, and timely submit them each month with full payment of the MONTHLY CONTRIBUTIONS due.

32. An award of attorneys' fees and costs is provided for by AGREEMENTS and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

///
///
///
///

411075.1

**WHEREFORE, Plaintiff prays for judgment as follows:**

**FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF**

[For Monetary Damages Due to Employee Benefit Plans]

A. For $4,025.00 in damages plus any additional amounts including MONTHLY CONTRIBUTIONS, liquidated damages, and audit fees according to proof at the time of trial or other hearing as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)

B. For interest at the rate of five percent above the variable prime rate set by the Federal Reserve Board of San Francisco, California, on the amounts according to proof at the time of trial or other hearing, as required by the Agreements and 29 U.S.C. § 1132(g)(2).

C. For, according to proof, any amounts owed as a result work performed by any subcontractors of the EMPLOYER (or lower-tier subcontractors) determined to be due, pursuant to the AGREEMENTS and 29 U.S.C. §§ 1132(g)(2) and 1145.

D. For reasonable attorneys' fees and costs of suit, as required by the Agreements and 29 U.S.C. § 1132(g)(2)(D).

E. For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

**FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF**

[For Specific Performance of Obligation to Produce Records for Audit]

A. For the issuance of injunctive relief pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering the EMPLOYER and its managing officers, managing employees, agents and successors, as well as all those

411075.1

in active concert or participation with any one or more of them, to submit to an audit of the EMPLOYER's records from at least January 1, 2017, to fully cooperate with CLTF with respect to the audit in order for CLTF to determine the total amount due to the TRUST FUNDS by the EMPLOYER, and, specifically, to produce to CLTF the following payroll and business records – and any other records determined by CLTF to be necessary to conduct a full audit – for inspection, examination and copying:

> A.1. All of the EMPLOYER's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors and the employees of the EMPLOYER's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for the EMPLOYER, its subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which the EMPLOYER, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;
>
> A.2. All of the EMPLOYER's job files for each contract, project or job on which the EMPLOYER, its employees, its subcontractors, its

411075.1

|   |   |
|---|---|
| 1 | lower-tier subcontractors or the employees of its subcontractors or |
| 2 | lower-tier subcontractors worked, including but not limited to all |
| 3 | correspondence, agreements and contracts between the |
| 4 | EMPLOYER and any general contractor, subcontractor, owner, |
| 5 | builder or developer, as well as all field records, job records, |
| 6 | notices, project logs, supervisors' diaries and notes, employees' |
| 7 | diaries and notes, memoranda, releases and any other records that |
| 8 | relate to the supervision of the EMPLOYER's employees, its |
| 9 | subcontractors, its lower-tier subcontractors or the employees of |
| 10 | its subcontractors and lower-tier subcontractors, or the projects on |
| 11 | which the EMPLOYER, its employees, its subcontractors, its |
| 12 | lower-tier subcontractors or the employees of its subcontractors or |
| 13 | lower-tier subcontractors performed work; |

A.3.  All of the EMPLOYER's records related to cash receipts, including but not limited to the EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

A.4.  All of the EMPLOYER's bank statements, including but not limited to those for all checking, savings and investment accounts;

A.5.  All of the EMPLOYER's records related to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

A.6.  All collective bargaining agreements between the EMPLOYER and any trade union, and all records of contributions by the

-14-

411075.1

EMPLOYER to any trade union trust fund; and

    A.7.    All records related to the formation, licensing, renewal or operation of the EMPLOYER.

B.    For reasonable attorneys' fees and costs of suit, as required by the Agreements and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

C.    For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3).

## FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF

[For Injunctive Relief Compelling Submission of

Fringe Benefit Contributions to Employee Benefit Plans]

A.    For the issuance of injunctive relief pursuant to the Agreements and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering the EMPLOYER and its managing officers, managing employees, agents and successors, as well as all those in active concert or participation with any one or more of them, to deliver, or cause to be delivered to the TRUST FUNDS:

    A.1.    All past due monthly fringe benefit contribution report forms due by the EMPLOYER to the TRUST FUNDS, fully completed to indicate hours of work performed by the EMPLOYER's employees for which fringe benefit contributions are due by the EMPLOYER and the corresponding amounts of fringe benefit contributions due by the EMPLOYER to the TRUST FUNDS, if any, or, if no such hours of work were performed for a given month, an indication on the report form of that fact.

    A.2.    No later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

411075.1

A.2(a).   Truthfully and accurately completed MONTHLY REPORT(S) covering all of the EMPLOYER's accounts with the TRUST FUNDS, collectively identifying all persons for whom MONTHLY CONTRIBUTIONS are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which MONTHLY CONTRIBUTIONS are due;

A.2(b).   An affidavit or declaration from a managing officer or other managing agent of the EMPLOYER attesting under penalty of perjury to the completeness, truthfulness and accuracy of each Monthly Report submitted; and

A.2(c).   A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of Monthly Contributions due to the Trust Funds for the previous month.

B. For reasonable attorneys' fees and costs of suit, as required by the Agreements and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

C. For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

DATED:  February 8, 2021          REICH, ADELL & CVITAN
                                  A Professional Law Corporation

                                  By:  /s/ MARSHA M. HAMASAKI
                                       MARSHA M. HAMASAKI
                                       Attorneys for Plaintiff

411075.1